# United States District Court, Northern District of Illinois
(OPINION)

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4517 | **DATE** | 8/2/10 |
| **CASE TITLE** | Ron Yzaguirre (M-04886) vs. Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $26.14 from Plaintiff's account for payment to the Clerk, and to continue making monthly deductions and payments in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Shawnee Correctional Center. However, summonses shall not issue at this time. Defendant John Mueller is dismissed from this action. Plaintiff's motion for appointment of counsel [4] is granted. The Court appoints Raj Niranjan Shah of DLA Piper US LLP IL, 203 N. LaSalle Street, Chicago, Illinois 60601, 312-368-4000, to represent Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Status hearing set for 9/17/10 at 9:30 a.m.

■[For further details see text below.]                                                                                                    Docketing to mail notices.

# STATEMENT

Plaintiff, Ron Yzaguirre, currently state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff having shown that he is indigent, his motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $26.14. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff in the event of this transfer to any other correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint.

Plaintiff alleges that on September 7, 2008, he had an anxiety attack at the police station following his arrest. Plaintiff was taken to the hospital where it was verified that Plaintiff had been prescribed medication that were taken three times a day to prevent anxiety attacks. The next day, Plaintiff was taken to intake at Cook County Jail. During intake, Plaintiff attempted to inform nursing and paramedic staff of his condition and his needed medication. However, the staff ignored Plaintiff. Plaintiff experienced an anxiety attack during which he passed out and hit his head on the table. Plaintiff was in a coma for approximately 24 hours.

When Plaintiff was released from the hospital, he was informed that Cook County sheriff's took his clothes and threw them away. When Plaintiff retrieved his wallet, he discovered $191.53 was missing.

Plaintiff eventually filed a grievance upon his return to Cook County Jail. Plaintiff did not receive a response so he sent an additional grievance to John Mueller, of the Division 5 Program Services. Plaintiff appears to bringing three claims: deliberate indifference to his serious medical needs during the intake process, loss of property following arrest, and failure to respond to grievances. Plaintiff names as Defendants: Cook County Sheriff Thomas Dart,

## STATEMENT

unknown intake nurses, paramedics, and correctional officers, and John Mueller.

Plaintiff's claims regarding his alleged loss of personal property and the failure to respond to his grievances fail to state a federal claim.

A random and unauthorized deprivation of property by a state employee does not constitute a due process violation if the state provides a meaningful post-deprivation remedy. *See Belcher v. Norton*, 497 F.3d 742, 750 (7th Cir. 2007); *Snyder v. Nolen*, 380 F.3d 279, 298 (7th Cir. 2004). The Illinois Court of Claims provides an adequate remedy to redress such property loss as well as an action in the Illinois Circuit Court for the tort of conversion. *See Cirrincione v. Johnson*, 184 Ill. 2d 109, 114 (1998). Because the state provides an adequate post-deprivation remedy, the loss of a detainee's property is not actionable under 42 U.S.C. § 1983. *See Gable v. City of Chicago*, 296 F.3d 531, 540 (7th Cir. 2002). Furthermore, any right that a detainee/prisoner has to a grievance process is procedural and not substantive, and prison grievance procedures "do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Accordingly, these claims are dismissed.

Plaintiff has sufficiently pled a claim for deliberate to medical needs during the intake process. The only allegations against the named Defendants, Dart and Mueller, are that they became aware of his health issues and his resulting injury. However, liability under the Civil Rights Act requires a defendant's personal involvement in the alleged constitutional violation. *See Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). A supervisory official cannot be held liable for the conduct of his subordinates based upon a theory of *respondeat superior*, and a complaint's allegations must indicate that the supervisory official was somehow personally involved in the constitutional deprivation. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002).

Plaintiff does not allege that either Dart or Mueller were involved in the intake procedure and/or the alleged denial of proper medical treatment that resulted in Plaintiff's anxiety attack during the intake process. Instead, Plaintiff seeks to impose liability for the lack of action after the incident and/or the loss of his property and lack of action as to his grievances. However, as discussed above, none of these allegations allege a claim against Dart or Mueller.

Based on the above, Plaintiff may proceed on his deliberate indifference to his medical needs claim during the intake process. However, Plaintiff does not know the identities of any of the individuals personally involved in the intake process. In this circuit, the courts recognize a useful fiction to permit *pro se* litigants an opportunity to discover the identities of those who were personally involved in the alleged actions underlying their complaint. When a plaintiff does not know the names of the persons who actually injured him, the law permits the court, at the pleading stage, to make an inference of responsibility on the part of the defendants' immediate supervisor. *See Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *see also Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995); *Donald v. Cook County Sheriff's Dep*t., 95 F.3d 548, 556 (7th Cir. 1996). Consequently, Plaintiff's claim can proceed at this time against Sheriff Dart to enable Plaintiff to learn the identities of the unknown Defendants.

However, Section 1983 claims are governed by the forum state's personal injury statute of limitations. *See Wilson v. Garcia*, 471 U.S. 261, 279 (1985); *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001). In Illinois, the limitations period for a Section 1983 claim is two years. *See Johnson*, 272 F.3d at 521. Furthermore, a Section 1983 action accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). Thus, Plaintiff's claim accrued on September 8, 2008, and his claims, absent any tolling, must be brought against the properly named Defendants by September 8, 2010. In light of this limited time-line, Plaintiff's motion for appointment of counsel is granted. The Court appoints Raj Niranjan Shah of DLA Piper US LLP IL, 203 N. LaSalle Street, Chicago, Illinois 60601, 312-368-4000, as counsel for Plaintiff in accordance with counsel's trial bar obligations under the District Court's Local Rule 83.37. Failure of Plaintiff to notify the Court and counsel of any change in mailing address or telephone number may result in dismissal of this lawsuit with prejudice.

Within fifteen days of the date of this order, appointed counsel is directed, pursuant to the requirements of Rule 4(d)(2) of the Federal Rules of Civil Procedure, to notify Defendant Dart of the commencement of the action and to request waiver of service of summons.